160 A.3d 1291

IN THE MATTER OF MICHAEL S. GAROFALO, AN ATTORNEY AT LAW (ATTORNEY NO. 023021998)

June 6, 2017

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 16–037, concluding that **MICHAEL S. GARO-FALO,** formerly of **SPARTA,** who was admitted to the bar of this State in 1998, should be censured for violating *RPC* 8.1(a)(know-

ingly making a false statement of material act in a disciplinary matter), *RPC* 8.4(b)(committing a criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as a lawyer in all other respects, specifically, harassment, a violation of *N.J.S.A.* 2C:33–4(a)), *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(g)(engaging in, in a professional capacity, in conduct involving discrimination);

And the Court having ordered respondent to show cause why he should not be disbarred or otherwise disciplined;

And the Court having preliminarily determined from its review of the matter that a six-month term of suspension is the appropriate quantum of discipline for respondent's unethical conduct;

And respondent through counsel, having waived his right to a hearing before the Court and having consented to a six-month term of suspension from the practice of law;

And good cause appearing;

It is ORDERED that **MICHAEL S. GAROFALO** is suspended from the practice of law for a period of six months, effective immediately, and until the further Order of the Court; and it is further

Ordered that the Order to Show Cause issued in this matter is hereby discharged; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(d); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.